## FOURTH DEPARTMENT, JANUARY, 1926.

PETER HAY, as Administrator, etc., of AMELIA HAY, Deceased, Respondent, *v.* SAMUEL MILITELLO, Defendant, Impleaded with CHARLES FIX and Another, Appellants.

Appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in the Erie county clerk's office on February 11, 1925, upon the verdict of a jury for $5,000 against the appellants, and also from an order entered in said clerk's office on March 12, 1925, denying the appellants' motion for a new trial made upon the minutes.

Judgment and order affirmed, with costs. Present — Hubbs, P. J., Clark, Davis, Crouch and Taylor, JJ. All concur, except Taylor, J., who dissents upon the law and facts.

TAYLOR, J. (dissenting): If the verdict herein be based upon a finding that the decedent on her way to can pineapples for and at the request of the wife of defendant Charles Fix was either an invitee or employee of the copartnership defendants, such finding has no evidentiary support. The other alternative of possible avail to plaintiff is that Fitzpatrick, employed by the copartnership to drive its automobile in carrying the mail, had either actual or implied authority from his master to permit decedent to ride with him. There is nothing in the record to show such authorization. (*Morris* v. *Brown*, 111 N. Y. 318; *Rolfe* v. *Hewitt*, 227 id. 486; *Carroll* v. *City of Yonkers*, 193 App. Div. 655.) At most the decedent was a licensee of the automobile driver and of Charles Fix. The judgment against the copartnership defendants and the order denying them a new trial should be reversed on the law and the facts and a new trial ordered, with costs to the appellants to abide the event.